911 F.2d 731
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles J. CHERRY, Petitioner-Appellant,
v.
H. Gary WELLS, Respondent-Appellee.
 No. 89-2061.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1990.
 
 1
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges and TODD, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Charles J. Cherry, a pro se Michigan prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 4
 Cherry was charged with seven counts of criminal sexual conduct. In exchange for dismissal of six of the charges, Cherry pleaded guilty to one count of criminal sexual conduct in the first degree. He was sentenced to fifteen to thirty years imprisonment. Subsequently, an evidentiary hearing was held in the state trial court concerning Cherry's claim of ineffective assistance of counsel. Following the hearing, the trial court concluded that counsel's assistance was effective at both the pleading and sentencing stages. After unsuccessful appeals in the state courts, Cherry filed his habeas petition alleging: (1) that he was denied the effective assistance of counsel; and (2) that his guilty plea was not knowingly and voluntarily made.
 
 
 5
 Upon de novo review of the magistrate's report in light of Cherry's objections, the district court adopted the magistrate's report and recommendation and dismissed the case as being without merit. Cherry has filed a timely appeal challenging the district court's action. In his brief on appeal, he also requests in forma pauperis status and the appointment of counsel.
 
 
 6
 Upon review, we affirm the district court's judgment for the reasons stated in the magistrate's report dated August 9, 1989, as adopted by the district court on September 5, 1989.
 
 
 7
 Cherry's guilty plea was knowingly, intelligently and voluntarily made. North Carolina v. Alford, 400 U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742 (1970). Moreover, Cherry's trial counsel was not ineffective. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Cobb v. Perini, 832 F.2d 342, 347 (6th Cir.1987) (per curiam), cert. denied, 486 U.S. 1024 (1988).
 
 
 8
 Accordingly, the request for counsel is hereby denied, the request for in forma pauperis status is granted, and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James D. Todd, U.S. District Judge for the Western District of Tennessee, sitting by designation